UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEANNE STEVENSON, an individual, AMBER SECRIST-BELL, and individual, and VALYRIE MACOSKY, an individual,<br><br>           Plaintiffs,<br><br>    v.<br><br>BIG LOTS STORE, INC., a foreign corporation,<br><br>           Defendant. | NO.  CV-05-0058-EFS<br><br>**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS** |

Finding good cause to enter the Stipulated Protective Order, because the parties are conducting pretrial discovery pursuant to the civil rules, and such discovery involves the disclosure of personal, confidential and proprietary information regarding defendant and plaintiffs, **IT IS HEREBY ORDERED**:

    1.  The Stipulated Motion for Protective Order Regarding Confidential Documents, **(Ct. Rec. 8)**, is **GRANTED**.

    2.  Any party to this Stipulated Protective Order may designate as "Confidential" the following information or documents:

        (a)  any personal, medical or financial information or documents that pertain to any current or former employee or applicant of

STIPULATED PROTECTIVE ORDER-- *1*

    defendant, including but not limited to personnel files and medical files;

 (b) any information or documents regarding defendant's personnel decisions concerning current or former employees or applicants of defendant;

 (c) any information or documents that contain or pertain to trade secrets, non-public business information, financial results or data, financial or business plans and strategies, projections or analyses, studies or analyses by internal or outside experts, or otherwise confidential or proprietary information and documentation pertaining to defendant's customers, clients, or accounts;

 (d) any information or documents subject to a legally protected privacy right; and

 (e) any documents that the parties agree will be marked confidential.

 2. No designation of confidentiality shall be made unless counsel for the designating party believes in good faith that it is significant to the interest of his or her client that the designated matter be kept confidential and that the client would consider this matter, in the absence of litigation, to be confidential.

 3. Any material designated as "Confidential" shall be used solely for the purposes of litigating this lawsuit and not for any other purpose, lawsuit, action or proceeding.  However, nothing contained herein shall prohibit defendants from using confidential documents that defendant produced in this lawsuit in the operation of its business.

STIPULATED PROTECTIVE ORDER-- *2*

4.    This Order shall apply to any and all documents designated as "CONFIDENTIAL" in accordance with the terms hereof.  The party producing documents that it believes are confidential shall mark such documents as "CONFIDENTIAL" in the lower right hand corner, if feasible.  If the requesting party does not agree that a document is confidential, upon notice of the disagreement, the producing party must file a motion within twenty (20) days with the Court to make a determination of the document's confidentiality, unless further extended by agreement of the parties.  The document(s) will be treated as confidential pending a ruling from the Court.

5.    Where only a portion of a confidential document needs to be restricted, counsel will cooperate in excising the confidential part of the documents and releasing the remainder of the document from the restrictions herein.

6.    Documents marked "CONFIDENTIAL" by the producing party, and the information contained therein, shall be held securely by and at the offices of counsel of record for the other party or parties, and shall not be disclosed by them or shown by them to any other persons, subject to the following exceptions:

(a)    The parties' counsel and employees of the parties' counsel (including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic and clerical personnel assisting such counsel) may have access to information or documents marked as Confidential for the purposes of this litigation, consistent with this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER-- *3*

(b) Persons who prepared or who assisted in the preparation of any such document may be shown that document.

(c) Persons who are identified as being the addressee or copy recipient of any such document may be shown that document;

(d) Persons who are retained or selected by counsel for the non-producing party to assist in this litigation as experts or consultants may be shown any such document if, before being shown such document, they are given a copy of this stipulation and order and execute a consent to be bound by its terms in the form attached hereto as Exhibit A.

(e) The Defendant's employees may be shown such documents if, before being shown the documents, they are given a copy of this stipulation and order and execute a consent to be bound by its terms in the form attached hereto as Exhibit A. Plaintiffs are not responsible for the execution by Defendant's employees;

(f) The court may have access to such documents, provided that any such documents filed with the clerk of the court shall be sealed subject to release only by order of the court or agreement of counsel; and

(g) Persons who are witnesses or potential witnesses to this action may be shown the documents if, before being shown such documents, they are given a copy of this stipulation and order and execute a consent to be bound by its terms in the form attached hereto as Exhibit A; however, Plaintiffs are not responsible for the execution of any such consent for

STIPULATED PROTECTIVE ORDER-- *4*

Defendant's witnesses or potential witnesses.

All consents to be bound by this stipulation and order, executed pursuant to subparagraphs (c), (d) and (f) of this paragraph 2, shall be retained by counsel for the party that executed or procured the consent, and be made available for review by opposing counsel upon request.

7.  Nothing contained herein shall be construed to prejudice any party's right to use any document in the taking of depositions; provided, however, that whenever a document designated as "CONFIDENTIAL" hereunder is identified or referred to in a deposition, attendance at and disclosure of any part of that deposition relating to the confidential information shall be restricted to potential witnesses, parties, to counsel, to the court and to such persons who may have been allowed access to such information in paragraph 6 hereof.

8.  As used herein, the term "CONFIDENTIAL" means:

(a)  All documents designated "CONFIDENTIAL" as provided herein;

(b)  All copies and extracts prepared from such documents;

(c)  Portions of deposition exhibits thereto which disclose the contents of any such documents, copies, or extracts; and

(d)  Portions of briefs, memoranda or other writings filed with the court and exhibits thereto which disclose the contents of any such documents, copies, or extracts.

9.  At the conclusion of this action, each document designated as "CONFIDENTIAL" hereunder (and copies thereof) shall, upon request of the party who produced such document, be returned to that party.

10. This stipulation and order is without prejudice to the right of any party to apply to the court for an order permitting the

STIPULATED PROTECTIVE ORDER-- *5*

disclosure of any of the documents or information produced or to be produced, or to apply for an order modifying or limiting this protective order in any respect.

11. This Order will apply to the handling of confidential documents prior to trial.  After the pretrial conference, the parties shall meet and confer to (a) reach an agreement as to the confidentiality of information to be used at trial, and (b) designate documents as trial exhibits.  If necessary, the parties or the Court will also develop a method for maintaining the confidentiality of such information and documents at trial.  At the producing party's request, any document previously designated Confidential will be used at trial only in a clean or redacted copy without any such designation.  This Order will not prevent either party from using any document produced in discovery as an exhibit at trial, nor prevent either party from showing a document to a witness during trial.

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order and forward a copy to counsel.

**DATED** this    5th    day of May, 2005.

        s/ Edward F. Shea
        EDWARD F. SHEA
   UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER-- *6*